FILED'08 AUG 14 10:07 USDC-ORM

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

KRAUSS CRAFT, INC.; and NORTHERN
CALIFORNIA PLAYWORKS, INC.

Civil No.  08-3062-CL

       Plaintiffs,

ORDER

  v.

ROSS RECREATIONAL EQUIPMENT
COMPANY,

      Defendant.

CLARKE, Magistrate Judge:

      The Court has granted Plaintiffs' request to hold in abeyance  Defendant's

Amended Motion to Dismiss for Lack of Personal Jurisdiction or in the Alternative

Transfer  to allow Plaintiffs to conduct discovery limited to the jurisdiction issues raised

by Defendant.  Defendant contends  that, under the Oregon Long Arm statute, Oregon

Rule of Civil Procedure 4  and federal case law, this Court has no "General Jurisdiction"

over Defendant.  Finding general jurisdiction requires, first, that contacts with Oregon be

substantial or continuous and systematic and, second, that exercising general jurisdiction

must be reasonable.  Decker Coal Co. v. Commonwealth Edison Co., 805 F.2d 834, 839

(9th Cir. 1986).  If general jurisdiction is found, the court has jurisdiction over a cause of

action which is unrelated to a defendant's forum activities. Id.

Defendant also contends that there is no basis for this Court to exercise "Limited" or "Specific" Jurisdiction over Defendant, which involves looking at the following three factors:

1. defendant must have purposely availed itself of the privilege of conducting activities in the forum by some kind of affirmative act or conduct;

2. the claim must arise out of defendant's forum-related activities; and

3. the exercise of jurisdiction must be reasonable.

Id. at 839-40.

Defendant objects to Plaintiffs' Requests for Documents 3, 6 and 9, which read as follows:

3. Documents identifying vendors for which Ross is the exclusive Oregon distributor in 2007-2008;

6. Documents showing Ross's Oregon sales and customers in 2007-2008 and specifically any installations made by Ross in Oregon; and

9. Correspondence between Ross and Oregon customers or potential customers that mentions Krauss Craft's playground equipment or products.

(Pls. Request for Status Conference at 2-3.)

Federal Rule of Civil Procedure 26(b)(1) provides as follows:

Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense--including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of

Order - 2

any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. All discovery is subject to the limitations imposed by Rule 26(b)(2)(c).

The Court finds that Requests 3 and 6 are reasonably calculated to lead to the discovery of admissible evidence on the issue of general jurisdiction. Or. Precision Indus., Inc. v. Int'l Omni-Pac Corp., 160 F.R.D. 592, 594-96 (D. Or. 1995.) The Court also finds that Request 9 is reasonably calculated to lead to the discovery of admissible evidence on the issue of limited or specific jurisdiction. Defendant's objections are therefore overruled.

IT IS SO ORDERED.

DATED this _14_ day of August, 2008.

_____
UNITED STATES MAGISTRATE JUDGE

Order - 3