FILED'09 JAN 16 12:36USDC-ORM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

KRAUSS CRAFT, INC.; and NORTHERN           Civil No. 08-3062-CL
CALIFORNIA PLAYWORKS, INC.
                                              REPORT AND RECOMMENDATION
           Plaintiffs,

       v.

ROSS RECREATIONAL EQUIPMENT
COMPANY,

          Defendant.

CLARKE, Magistrate Judge:

      Plaintiffs have filed a complaint alleging claims for violation of the Lanham Act (likelihood of confusion and false advertising-misrepresentation); violation of California Unfair Competition Law and False Advertising Law; intentional interference with contractual or other economic relations; and product disparagement, trade libel, and product defamation. Plaintiffs seek actual, compensatory, and punitive damages, enhanced profits and damages, injunctive relief, and costs and attorney's fees. This Court has federal question and supplemental jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367. Defendant moves to dismiss for lack of personal jurisdiction or, in the alternative, transfer this case to the Northern District of California (#10). The Court allowed plaintiffs to conduct discovery limited to the jurisdictional issues

Report and Recommendation - 1

raised by defendant (#13, #15). For the reasons explained below, the court recommends that defendant's motion and alternative motion be denied.

## DISCUSSION

### Plaintiffs' Complaint

Plaintiffs' complaint contains the following jurisdiction allegations relevant to defendant's motions: (1) Plaintiff Krauss Craft, Inc., is an Oregon corporation who manufactures Playcraft playground equipment and distributes it in Oregon and throughout the United States. (Compl. Par. 1 p. 1-2.) (2) Plaintiff Northern California Playworks, Inc., is a distributor of Krauss Playcraft playground equipment in northern California. (Compl. Par. 2 p. 2.) The complaint caption alleges that Northern is a California corporation. (3) Defendant Ross Recreation Equipment Company, Inc., is the Oregon and Northern California distributor of Landscape Structures playground equipment. (Compl. Par. 3 p. 2.) The complaint caption alleges that Ross is a California corporation. (4) Venue is appropriate in Oregon pursuant to 28 U.S.C. § 1391 because defendant is an Oregon resident with substantial continuous and established business in the District of Oregon. (Compl. Par. 5 p. 2.) (5) Defendant, in the course of its business, has been distributing false and misleading advertising materials to consumers and potential consumers of playground equipment in northern California and Oregon. Plaintiffs allege that these are "ALLEGATIONS COMMON TO ALL CLAIMS." (Compl. Par. 6. pp. 2-3.)

### Motion to Dismiss

Defendant Ross moves to dismiss for lack of personal jurisdiction. Federal courts may exercise personal jurisdiction over a nonresident defendant where the state's long-arm statute

Report and Recommendation - 2

confers jurisdiction over the defendant and the exercise of jurisdiction does not violate due process. Myers v. Bennett Law Offices, 238 F.3d 1068, 1072 (9th Cir. 2001) (federal question case); Millennium Enters., Inc. v. Millennium Music, LP, 33 F. Supp.2d 907, 909 (D. Or. 1999) (Lanham Act case; "The relevant state statute applies even when the cause of action is purely federal. Fed.R.Civ.P. 4(k)."); Newman v. Comprehensive Care Corp., 794 F. Supp. 1513, 1518-19 (D. Or. 1992). Because Oregon law confers jurisdiction over an out-of-state defendant which is coextensive with due process, the court need only analyze whether the exercise of jurisdiction comports with due process. Gray & Co. v. Firstenberg Mach. Co., 913 F.2d 758, 760 & n.1 (9th Cir. 1990); Newman, 794 F. Supp. at 1518-19.

Due process requires that a nonresident defendant have minimum contacts with the forum state such that the exercise of personal jurisdiction does not offend traditional notions of fair play and substantial justice. Data Disc, Inc. v. Sys. Tech. Assocs., Inc., 557 F.2d 1280, 1287 (9th Cir. 1977); Decker Coal Co. v. Commonwealth Edison Co., 805 F.2d 834 (9th Cir. 1986) (citing Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)).

Plaintiffs bear the burden of proving a prima facie case that jurisdiction exists over defendant. Flynt Distrib. Co. v. Harvey, 734 F.2d 1389 (9th Cir. 1984); Data Disc, 557 F.2d at 1285. Plaintiffs' allegations are taken as true unless contradicted by defendant. Data Disc, 557 F.2d at 1285. The burden then shifts to defendant to make a "compelling case" that exercising jurisdiction over the defendant would be unreasonable. Tuazon v. R.J. Reynolds Tobacco Co., 433 F.3d 1163, 1175 (9th Cir. 2006).

Where defendant's contacts are "substantial" or "continuous and systematic," general jurisdiction may be established over defendant in causes of action unrelated to defendant's

contact with the forum. Id.; Wells Fargo & Co. v. Wells Fargo Express Co., 556 F.2d 406, 414 (9th Cir. 1977). Limited or specific jurisdiction may be established if the following three-part test is met:

> (1) the nonresident defendant must do some act or consummate some transaction with the forum state or perform some act by which it purposefully avails itself of the privilege of conducting activities in the forum state, thereby invoking the benefits and protections of its laws; (2) the claim must arise out of or result from the defendant's forum-related activity; and/or (3) the exercise of jurisdiction must be reasonable.

Ochoa v. J.B. Martin & Sons Farms, Inc., 287 F.3d 1182, 1188-89 & n.2 (9th Cir. 2002) (fn. omitted) (and cases cited); Haisten v. Grass Valley Med. Reimbursement Fund, Ltd., 784 F.2d 1392, 1397, 1400 (9th Cir. 1986); Data Disc, 557 F.2d at 1287; Decker Coal, 805 F.2d at 839.

### General Jurisdiction

(a) Relevant Facts

Plaintiffs and defendant are competitors in the sale and distribution of playground equipment. In its moving papers, defendant Ross describes itself as a "small, family-owned California corporation with its principal place of business in Santa Rosa, California" that "serves as an exclusive representative for a wide range of recreational equipment manufacturers," which includes playground equipment. (Def. Mem. in Supp. at 2.) Ross bids on contracts to design and install this equipment. Defendant Ross, which was established in 1973, only California customers until 2006 when it undertook to expand into Oregon. It opened an office in Eugene, Oregon, and hired a full time Oregon employee who sought playground equipment contracts with Oregon customers. In 2006 and 2007, Ross had annual Oregon sales in the range of $700,000. Most of the Ross customers are public entities. Defendant Ross, however, points out that the overwhelming amount of its overall product sales (95%) is still in California and that it has no

Report and Recommendation - 4

agent for service of process in Oregon. Plaintiff Krauss is a company based in Grants Pass, Oregon, which is near the California border. Krauss also does business in California, where it has three representatives. Plaintiff Northern is a California distributor for Krauss and is based in San Jose.

Plaintiffs in their responsive papers lay out the involvement of Defendant Ross in the State of Oregon since 2006 in a number of ways including; (1) Securing business licenses in two Oregon communities; (2) Obtaining Oregon workers compensation insurance coverage through SAIF Corporation, an Oregon based company, since April 1, 2001; (3) Advertising for Oregon customers listing an Oregon address and telephone number; (4) Ross Website statement that it is the exclusive distributor in Oregon and Northern California for a "wide range of recreational equipment manufacturers" and refers to specific Oregon customers and equipment installations (Ransom Decl. at 3 & Ex. G); (4) Having offices in both Eugene and Portland at different times; (5) Documents showing specific proposals, contracts, and installations between Ross and Oregon customers; (6) Ross registered to do business in Oregon on September 11, 2008, and lists an Oregon registered agent.[1]  (Ransom Decl. & Attachs.)

(b) Analysis

Defendant Ross contends that it does not have the type of "continuous and systematic" or "substantial" business contacts with the state of Oregon sufficient to invoke general jurisdiction unrelated to the cause of action and, even if it did, it would be unreasonable for this court to

---

[1] Defendant contends that the court should look only at the jurisdictional facts existing at the time the complaint is filed. See Steel v. United States, 813 F.2d 1545, 1549 (9th Cir. 1987); Farmers Ins. Exch. v. Portage La Prairie Mut. Ins. Co., 907 F.2d 911, 913 (9th Cir. 1990). The court has considered the fact that defendant was registered and listed an Oregon agent in September 2008, but that fact is not determinative to the court's ruling.

Report and Recommendation - 5

exercise general jurisdiction over Ross. Ross cites Ninth Circuit cases indicating that "[t]he standard for general jurisdiction is high," Tuazon v. R.J. Reynolds Co., 433 F.3d 1163, 1169 (9th Cir. 2006), and that the requisite contacts must be considerable and extensive to justify exercising general jurisdiction, citing to Newman v. Comprehensive Care Corp., 794 F. Supp. 1513, 1519 (D. Or. 1992), and Amoco Egypt Oil Co. v. Leonis Navigation Co., 1 F.3d 848, 851 n.3 (9th Cir 1993). Ross cites Tuazon where the court, in discussing the applicable standard, stated "[i]t is the nature and extent of the contacts that determines whether they are 'substantial' or 'continuous and systematic.' Longevity, continuity, volume, economic impact, physical presence, and integration into the state's regulatory or economic markets are among the indicia of such a presence." 433 F.3d at 1172. Ross contrasts the present case form those cases where general jurisdiction has been found to support its position. For example, in Tuazon, general jurisdiction was found over a tobacco company which had a "serious presence in [the forum state] for more than a half-century and generates enormous revenues from [the forum state]- hundreds of millions of dollars in annual net sales in recent years." Id. at 1173. Ross further argues that plaintiffs have not cited a single case where general jurisdiction was found with facts similar to the present case.

Krauss, on the other hand, contends that defendant Ross has had since 2006 "continuous and systematic" or "substantial" business contacts with Oregon sufficient for this court to exercise general jurisdiction. Ross points out that many of the cases cited by defendant Ross where general jurisdiction was not invoked involved less contacts with the forum state than this case or are otherwise distinguishable. See, e.g., Amoco Egypt Oil, 1 F.3d 848; Newman, 794 F. Supp. 1513; Shute v. Carnival Cruise Lines, 897 F.2d 377 (9th Cir. 1990)), rev'd on another

Report and Recommendation - 6

ground, 499 U.S. 585 (1991); Gates Learjet Corp. v. Jensen, 743 F.2d 1325 (9th Cir. 1984).

The court declines to exercise general jurisdiction over defendant Ross. The record before the court does show that defendant Ross since 2006 has had a significant presence in the State of Oregon. The court also agrees with plaintiffs that Ross has more forum contacts than in many cases cited by defendant Ross where general jurisdiction was not exercised. However, Ross continues to operate primarily as a California business, has only had an Oregon presence since 2006, and the court does not find under the applicable Ninth Circuit cases that it has the required "continuous and systematic" or "substantial" business contacts for general jurisdiction. The court does not find that due process concerns for notions of fair play and substantial justice would, in the end, be met by allowing defendant Ross to be sued in Oregon unrelated to its contacts and the cause of action.

## Limited or Specific Jurisdiction

(a) Three-part Test

The court has little trouble for purposes of the first prong of the test finding on this record that defendant Ross since 2006 has "purposefully availed" itself of the benefits and protections of Oregon law by its activities in Oregon since 2006. See Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme, 433 F.3d 1199, 1207-08 (9th Cir. 2006). The issues for this court are the second part: whether plaintiffs' cause of action "arises out of" defendant's Oregon activities and, third: if so, whether it would be reasonable to exercise limited or specific jurisdiction. The court answers these questions yes.

Defendant Ross contends that this case arises out of a series of written presentations given by defendant Ross in California that allegedly contained specific defamatory statements

Report and Recommendation - 7

about plaintiff Krauss and its products as set forth in the complaint. Defendant Ross, in its moving papers, states: "Plaintiffs do not allege that any of Ross' actions that form the basis of any claim in the complaint took place in Oregon." (Def. Mem. in Supp. at 2.)  Plaintiff Krauss, however, points out that the complaint is not so limited and alleges defamatory conduct by Ross toward Krauss in Oregon. (Compl. Par 6 at 2-3.)  Plaintiff Krauss, after conducting limited jurisdictional discovery, has set forth some support for this position.

In particular, defendant Ross Oregon employee on June 20, 2006, sent a email to an Oregon municipality seeking to sell Ross equipment that discussed plaintiff Krauss products:

> Hi Gery,
> Hope all is well with you. I'm sure your [sic] busy with any number of projects and plans.
> The reason I called you a while back was to discuss the possible playstructure substitution on PCC Rock Creek Park by Jim Ringleberg at Northwest Recreation. During a conversation I had with Jerry Burgess last week, he mentioned that Jim was dropping off some plans. I've had a great deal of experience with the Krauss Kraft rep in the Bay area doing similar things to jobs that have been specified as LSI. While there are competitors out there with equipment of a quality approaching LSI, Krauss Kraft is not one of them. You cannot sell equipment of high quality for a discount price without cutting corners. If there is in fact a substitution and you would like to develop a rebuttal, I would be happy to do the leg work. As I mentioned, I've done this a dozen times in the past few years.
> Let me know if you have any questions or if I can provide additional information.
> Best regards,
> Jon Bawden

(Ransom Decl. at 3-4 & Ex. L.)

Defendant Ross cites <u>Bancroft & Masters, Inc. v. Augusta National, Inc.</u>, 223 F.3d 1082, 1087 (9th Cir. 2000), for the proposition that a "but for" test applies for the "arising out of" prong-two analysis and that, despite this email, the test is not met. Defendant Ross frames the issue as, "whether Plaintiffs would not have suffered loss '"but for"' Ross activities." (Def. Mem. at 11.) The "but for" test was adopted by the Ninth Circuit in <u>Shute v. Carnival Cruise Lines</u>, 897 F.2d

Report and Recommendation - 8

377 (9th Cir. 1990), rev'd on another ground, 499 U.S. 585 (1991), where the court discussed it as follows:

> The "but for" test is consistent with the basic function of the "arising out of" requirement--it preserves the essential distinction between general and specific jurisdiction. Under this test, a defendant cannot be haled into court for activities unrelated to the cause of action in the absence of a showing of substantial and continuous contacts sufficient to establish general jurisdiction. The "but for" test preserves the requirement that there be some nexus between the cause of action and the defendant's activities in the forum.

897 F.2d at 385 (citations omitted). Defendant Ross also points to language in Decker Coal about evaluating the "nature and quality" of the forum contacts in relation to the cause of action. 805 F.2d at 839. Defendant, however, points the court to no case which finds that, once a nexus between the contacts and the cause of action has been found, the court should weigh the contacts or activities in the forum state against those in California to determine whether the "arising out of" test has been met. This court is not aware of any authority which holds a cause of action cannot arise out of activities in two forums. See Keeton v. Hustler Magazine, Inc., 465 U.S. 770, 779-81 (1984); Yahoo! Inc., 433 F.3d at 1207. Plaintiffs have alleged that defendant Ross defamed it, at least in part, in Oregon and has, after limited discovery, provided uncontradicted factual support for this allegation. The "but for" test is difficult to apply under the facts of this case where we have contacts in both Oregon and California related to the cause of action. See Flavio Rose, Note, Related Contacts and Personal Jurisdiction: The "But For" Test, 82 Cal. L. Rev. 1545 (1994) (raising questions about the 'but for" test in certain factual settings). If, however, as the Shute court pointed out, the connection between the forum contacts and the cause of action are "'too attenuated,'" the exercise of jurisdiction under prong three of the test will be found to be unreasonable. 897 F.2d at 385.

Report and Recommendation - 9

Defendant Ross further argues that the email is "puffery" and is not actionable as a matter of law. Defendant cites the court to United Industries Corp. v. Clorox Co., 140 F.3d 1175 (8th Cir. 1998) and Cook, Perkiss & Liehe, Inc. v. Northern California Collection Service Inc., 911 F.2d 242 (9th Cir 1990). The court in United Industries discussed actionable statements under the Lanham Act contrasted with nonactionable "puffery":

> The false statement necessary to establish a Lanham Act violation generally falls into one of two categories: (1) commercial claims that are literally false as a factual matter; and (2) claims that may be literally true or ambiguous but which implicitly convey a false impression, are misleading in context, or likely to deceive consumers. Many claims will actually fall into a third category, generally known as "puffery" or "puffing." Puffery is "exaggerated advertising, blustering, and boasting upon which no reasonable buyer would rely and is not actionable under § 43(a)." Nonactionable puffery includes representations of product superiority that are vague or highly subjective. However, false descriptions of specific or absolute characteristics of a product and specific, measurable claims of product superiority based on product testing are not puffery and are actionable.

140 F.3d at 1180 (citations omitted). In Cook, Perkiss, the court found written representations simply about the cost advantages of defendant's services over plaintiff's attorneys was nonactionable "puffery" because it was not the type of "factual claims upon which a reasonable consumer would rely." 911 F.2d at 244, 246. The court is not prepared at this time to say that the subject email in this case is not actionable as a matter of law. It, among other things in referring to Krauss products, claims that, "[y]ou cannot sell equipment of high quality for a discount price without cutting corners." (Ransom Decl. Ex. L (emphasis added).) The emphasized portion is arguably a factual allegation as it relates to playground equipment that a reasonable consumer may rely upon. The court finds that the second "arising out of" prong is met.

Plaintiffs have met their burden of proof to make a prima facie case for specific or limited

Report and Recommendation - 10

jurisdiction over defendant Ross in Oregon. The third and final prong is whether defendant can make out a compelling case that the exercise of jurisdiction would be unreasonable. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 466 (1986). The following factors are to be considered by the court:

> (1) the extent of the defendant's purposeful interjection into the forum state, (2) the burden on the defendant in defending in the forum, (3) the extent of the conflict with the sovereignty of the defendant's state, (4) the forum state's interest in adjudicating the dispute, (5) the most efficient judicial resolution of the controversy, (6) the importance of the forum to the plaintiff's interest in convenient and effective relief, and (7) the existence of an alternative forum.

Bancroft & Masters, 223 F.3d at 1088 (citing Burger King, 471 U.S. at 476).

The court finds that, on balance, the factors work in favor of exercising jurisdiction. Initially, although limited from an overall company standpoint, defendant has had a significant presence in the state of Oregon since 2006, with approximately $1.5 million in playground equipment sales in 2006 through 2007. Although the connection at this point between these forum activities and the cause of action is, at this early stage of the litigation, limited, the connection goes to the heart of plaintiffs' case--that it and its products have been defamed to potential customers by Defendant Ross. Defendant Ross has Oregon counsel and the Federal Rules of Civil Procedure and technology advances should make it relatively easy for defendant Ross to defend this case in southern Oregon. The state of Oregon would not seem to have a conflict with California sovereignty, and Oregon has an interest in the case given allegations of deceptive business practices in the state. This court is convinced that both parties can obtain an efficient and fair resolution of the case in Oregon. Exercising specific or limited jurisdiction is reasonable.

Defendant Ross undertook an expansion into Oregon in 2006 and, in part, has competed directly with Plaintiff Krauss. The underlying theme of plaintiffs' case is that defendant Ross has embarked on a plan to unfairly compete with plaintiffs. Whether plaintiffs can prove their case in the end, it cannot be unexpected that Ross might find itself a defendant in an Oregon court. The court finds that exercising specific or limited jurisdiction complies with due process concerns of fair play and substantial justice.

**Motion to Transfer**

Defendant Ross in the alternative moves to transfer this case to the Northern District of California pursuant to 28 U.S.C. § 1404(a).

The initial question for the court is whether the case could have been brought in that forum in the first place. The answer to that question, as pointed out by defendant in its moving papers, is yes given the parties, cause of action, and legal claims connection to California. The court in California, like this court, would have federal question and supplemental jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367.

The bigger question in this case is whether the court should exercise its discretion to transfer the case based upon the record before the court. Piper Aircraft Co. v. Reyno, 454 U.S. 235, 257 (1981). The court, generally, is to consider the convenience of the parties and the interest of justice. 28 U.S.C. § 1404(a). The Ninth Circuit has indicated that the following specific factors should be evaluated by the court: (1) plaintiff's choice of forum; (2) is the forum state familiar with the governing law?; (3) the contacts relating to plaintiff's cause of action in the forum; (4) the ease of access to sources of proof and the availability of compulsory process to compel attendance of unwilling non-party witnesses; and (5) the differences in the cost of

litigating in the two forums. Jones v. GNC Franchising, Inc., 211 F.3d 495, 498-99 (9th Cir. 2000).

"The defendant must make a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum." Decker Coal Co. v. Commonwealth Edison Co., 805 F.2d 834, 843 (9th Cir. 1986). This is particularly true where the plaintiff is a resident of the forum state. Piper Aircraft, 454 U.S. at 255-56 & n.23 (and cases cited).

The court, at this early stage of the litigation, does not find that defendant Ross has met this burden. While plaintiff Krauss is an Oregon corporation and plaintiff Northern California Playworks is apparently a California corporation (Davis Decl. ¶ 8 & Ex. 4), plaintiffs chose Oregon as the forum in which to file this action and plaintiffs' choice of forum is entitled to great weight. Second, plaintiff Krauss and defendant Ross both have significant contacts with the state of Oregon as set forth above. The court has also found that the cause of action at least in part arises out of these Oregon activities. Third, this court is familiar with the Lanham Act and other governing law. The fact that one claim is under the California Unfair False Advertising Law does not tip the scales in favor of transfer. Plaintiffs point out that a violation of the Lanham Act also violates the California Act. Finally, the Federal Rules of Civil Procedure and technology advances will allow the parties to efficiently litigate this case in Oregon.

Defendant's motion to transfer should be denied.

## RECOMMENDATION

Based on the foregoing, the court recommends that defendant's motion to dismiss (#10) be denied and its motion to transfer (#10) be denied.

*This recommendation is not an order that is immediately appealable to the Ninth Circuit*

Report and Recommendation - 13

*Court of Appeals*. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. *Objections to this Report and Recommendation, if any, are due on February 2, 2009. If objections are filed, any responses to the objections are due 14 days after the objections are filed*. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

DATED this 16 day of January, 2009.

_____
UNITED STATES MAGISTRATE JUDGE